UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY STUDENTS FOR A DEMOCRATIC SOCIETY, VICTORIA HINCKLEY, SABA INDAWALA, and VICKY TONG,

Plaintiffs,

v. CASE NO. 8:25-CV-02752-SDM-AAS

UNIVERSITY OF SOUTH FLORIDA, RHEA LAW, MELISSA GRAHAM, and DANIELLE MCDONALD,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION TO DISMISS, FOR A MORE DEFINITE STATEMENT AND TO STRIKE**

Defendants University of South Florida, Rhea Law, Melissa Graham, and Danielle McDonald, by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), hereby move to dismiss the Amended Complaint for failure to state a claim or, in the alternative, for a more definite statement. Defendants further move, pursuant to Fed. R. Civ. P. 12(f), to strike plaintiffs' prayers for punitive damages against USFBOT from Counts V, VI,

and VII of the Amended Complaint. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

## SUPPORTING MEMORANDUM OF LAW

## II.

## ARGUMENT

### A. Legal Standard

Under Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint should be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007) (quotations and citation omitted). Moreover, "the Court is not required to accept as true a legal conclusion merely because it is labeled a 'factual allegation' in the complaint.'" *McGinity v. TracFone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1339 (M.D. Fla. 2014); *see also Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2022) ("[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will

not prevent dismissal”).

Even when sufficiently pleaded, a claim is subject to dismissal if it is “facially implausible.” *Stuart v. U.S.,* 529 Fed. Appx. 992, 994 n.2 (11th Cir. 2013). If a complaint “pleads facts that are merely consistent with a defendant’s liability, it stops short of the line between possibility and plausibility of entitlement to relief.” *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotations and citation omitted). “[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief.” *Id.* at 1950.

Federal Rule of Civil Procedure 12(f) provides that a “court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.” Fed. R. Civ. P. 12(f).

**B. <u>The Complaint Is An Impermissible Shotgun Pleading</u>**

A shotgun pleading – one in which “it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief” – does not meet the minimal pleading standards of Rule 8(a) and 10(b). *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Com’y. College,* 77 F.3d 364, 366 (11th Cir. 1996).

The Eleventh Circuit has repeatedly criticized shotgun pleadings because they fail to give defendants adequate notice of the claims brought against them. *Weiland v. Palm Beach County Sheriff's Office,* 794 F.3d 131, 1321-23 (11th Cir. 2015). *See also Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008) ("this court has been roundly, repeatedly and consistently condemning [shotgun pleading] for years, long before this lawsuit was filed"); *Chapman v. AI Transport,* 229 F.3d 1012, 1027 (11th Cir. 2000) ("[w]e have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand"); *Anderson, supra* at 367 (unless "cases are pled clearly and precisely, issues are not joined, discovery is not controlled, and the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice").

Plaintiffs' Amended Complaint is a classic shotgun pleading. It incorporates all 158 paragraphs of plaintiffs' general factual allegations into all of plaintiffs' claims. Therefore, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Com'y College, supra* at 366. *See also Johnson Enters. of Jacksonville, Inv. v. FPL Group,* 162 F.3d 1290, 1333 (11th Cir. 1998) (shotgun

pleadings may begin with a long list of general allegations "that are incorporated by reference into each count of the complaint").

This problem is compounded by the fact that the Complaint repeatedly refers to "defendants," collectively, without any specification as to which of the defendants it is intended to apply. Similarly, the Amended Complaint refers repeatedly to "Plaintiffs," without any specification regarding which plaintiff is asserting the claim.

Moreover, plaintiffs' combination of various theories of negligence into Count VIII renders that claim confusing and not susceptible to a reasonable response. *See* Amended Complaint, ¶ 247 ("common law negligence, including negligent training, and negligent supervision"). In *The Complaint of Boston Boat III, LLC v. Galiato,* 2015 U.S. Dist. LEXIS 123486 (S.D. Fla. Sept. 16, 2015), the plaintiff, as here, asserted a single count which contained allegations of various theories of negligence. The Court disagreed with the plaintiff's argument that all such claims should be considered together, stating:

> Petitioner argues that "while there are certainly distinct arguments of liability herein, they should be considered together in totality, rather than as separate and distinct." (Resp. at 15). The Court disagrees as such an approach would render the Complaint violative of *Federal Rule of Civil Procedure 10(b),* which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

*Galiato*, 2015 U.S. Dist. LEXIS 123486, at *11, n.3. The same should hold true here.

Accordingly, the Amended Complaint should be dismissed and plaintiffs should be required to file a more definite statement.

**C. <u>USF Is Not A Legal Entity Subject To Suit</u>**

Plaintiffs have sued the University of South Florida ("USF"). However, for a state university to be sued, the university's board of trustees must be named as the party defendant. *See* Section 1001.72(1), *Florida Statutes* ("[e]ach board of trustees shall be a public body corporate by the name of 'The (name of university) Board of Trustees,' with all the powers of a body corporate, including the power to … sue and be sued").[1]

Therefore, USF is not a legal entity subject to suit and should be dismissed. *United States v. Olavarrieta, supra* at 643 (11th Cir. 1987) ("Under Florida law, the University of Florida is not endowed with an independent corporate existence or the capacity to be sued in its own name…. Therefore, the University of Florida is not a proper party in this action…."); *Rivadeneira v. Univ. of S. Fla.,* 2022 U.S. Dist. LEXIS 26225, at *4 (M.D. Fla. Feb. 14, 2022).

[1] The capacity of an entity to be sued is governed by the law of the state where the district court is located. Fed.R.Civ.P. 17(b); *U.S. v. Ola-varrieta,* 812 F.2d 640, 643 (11th Cir. 1987) (*per curiam*).

**D. Plaintiffs Fail to State A Claim Against Defendant Law**

Despite the fact that defendant Rhea Law ("Law") is named as a defendant in seven of plaintiffs' eight claims, her name is specifically referenced in only 3 of the Amended Complaint's 255 paragraphs of allegations. [Amended Complaint: ¶¶ 20, 43, 112]. Her personal involvement is limited to allegedly requesting a written explanation regarding a complaint about pro-Palestinian handbilling [Amended Complaint, ¶ 43], and transmitting an e-mail to students about the plaintiffs' arrests. [Amended Complaint, ¶ 112].

This falls far short of the requirement of pleading that Law's individual actions violated the Constitution. *See Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. 1937, 1947 ('[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution"). Therefore, the claims against defendant Law should be dismissed.

**E. Plaintiffs' Procedural Due Process Allegations Fail**

To state a Section 1983 claim for the denial of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected property or

liberty interest; (2) state action; and (3) constitutionally inadequate process. J.*R. v. Hansen,* 736 F.3d 959, 965 (11th Cir. 2013).

Property interests are not created by the Constitution – they are created and delineated by existing rules and understanding that stem from state law. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed. 2d 684 (1976).

Here, the Amended Complaint fails to allege that plaintiff Tampa Bay Students for a Democratic Society ("TBSDS") has a property or liberty interest in continuing its activities on the USF campus. *See L.P.M. v. School Board of Seminole County,* 753 So. 2d 130 (Fla. 5th DCA 2000) (students had no property interest in extracurricular activities at public institutions). Accordingly, the Amended Complaint fails to state a legally sufficient procedural due process claim against TBSDS.

Moreover, in *McKinney v. Pate,* 20 F.3d 1550 (11th Cir. 2014) (*en banc*), the Eleventh Circuit ruled that a Section 1983 procedural due process claim is actionable only when inadequate state procedures exist to remedy an alleged procedural deprivation. *See also Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2007).

When determining the existence of an adequate state remedy, courts look not only to the process "employed by the board, agency or other governmental entity whose action is in question but also [to] the remedial process state courts would provide if asked." *Horton v. Bd. of Cnty Comm'rs,* 202 F.3d 1297, 1300 (11th Cir. 2000). Mandamus and certiorari are adequate state remedies. *Cotton v. Jackson, supra* at 1331-33. Both remedies were available to the plaintiffs. *See, e.g. Hussey v. University of Florida Board of Trustees,* 226 So. 3d 1081 (Fla. 1st DCA 2017); *Louis v. University of South Florida,* 181 So. 3d 578 (Fla. 2d DCA 2016); *Rivera v. Univ of S. Fla. St. Petersburg,* 176 So. 3d 363 (Fla. 2d DCA 2015).

Count III must be dismissed because it fails to allege that the remedies available to plaintiffs under state law were inadequate to remedy any alleged procedural deficiency. *Doe v. Valencia College,* 903 F.3d 1220, 1234-35 (11th Cir. 2018); *Watts v. Florida Int'l University,* 495 F.3d 1289, 1294 (11th Cir. 2007); *Brown v. Fla. Gulf Coast Univ. Bd. of Trs.,* 2019 U.S. Dist. LEXIS 80110, at *11-12 (M.D. Fla. May 13, 2019) (plaintiff's bald procedural due process allegations were insufficient to plausibly allege that defendants' actions were not subject to certiorari review in state court).

In addition, because the Amended Complaint fails to allege that plaintiffs took advantage of those state remedies, they cannot claim that they were deprived of procedural due process. *Cotton v. Jackson, supra* at 1331 ("[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process").

**F. <u>Counts II and III Fail To State A Claim</u>**

**1. <u>Counts II and III are barred by the Eleventh Amendment.</u>**

Counts II and III attempt to allege claims against the individual defendants in their official capacities, which effectively are claims against USFBOT. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991).

The Eleventh Amendment bars suits against a state or its agencies absent waiver or Congress' legitimate exercise of its power to abrogate that immunity. *Welch v. Texas Dep't. of Highways & Public Transp.*, 483 U.S. 468, 472, 107 S.Ct. 2941, 97 L.Ed. 2d 389 (1987). The Boards of Trustees of Florida's state universities are "arms of the State of Florida." *Univ. of S. Fla. Bd. of Trustees v. CoMentis,* 861 F.3d 1234, 1237 (11th Cir. 2017).

Congress has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1983. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007). Moreover, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to Section 1983. *Gamble v. Florida Dep't of Health & Rehab. Serv.*, 779 F.2d 1509 (11th Cir. 1986).

The *Ex Parte Young* doctrine creates a narrow exception to Eleventh Amendment immunity and allows federal courts to "grant[ ] prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed. 2d 371 (1985).

The *Ex Parte Young* exception applies only in "suits seeking declaratory and injunctive relief against state officers in their individual capacities," *Idaho v. Coeur d' Alene Tribe,* 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L.Ed. 2d 438 (1997), and "has no application in suits against the states and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed. 2d 605 (1993). Therefore, the *Ex Parte Young* exception does not apply to Count II or to Count III to the extent that they allege claims against the individual defendants in their official capacities.

Moreover, the "*Ex Parte Young* doctrine requires the allegation of an ongoing and continuous violation of federal law." *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1338 (11th Cir. 1999). The doctrine applies only when a violation of federal law by a state official is ongoing, as opposed to cases in which federal law has been violated at one time or over a period of time in the past. *Nicholl v. A.G.,* 769 Fed. Appx. 813, at *4 (11th Cir. Apr. 23, 2019). The doctrine is inapplicable when a plaintiff seeks to adjudicate the legality of past conduct. *Id.* When a plaintiff has alleged "only a single, past statutory violation and does not assert any likelihood that he will be subjected to a similar violation in the future," he does not have standing to seek prospective relief allowed under *Ex Parte Young*. *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5th Cir. 1996).

Most of the events alleged in the Amended Complaint occurred more than a year ago. Plaintiffs allege that TBSDS was expelled from the USF campus on July 23, 2024 [Amended Complaint, ¶ 120] and that plaintiff Victoria Hinckley ("Hinckley") was expelled on June 7, 2024. [Amended Complaint, ¶ 117]. There is no allegation that either face re-expulsion.

Plaintiff Vicky Tong ("Tong") was issued a trespass warning which expires on December 12, 2025. [Amended Complaint, ¶¶ 17, 157]. Plaintiff Saba Indawala

("Indawala") was placed under interim suspension on October 1, 2024. [Amended Complaint, ¶ 143]. Neither plaintiff alleges that she faces ongoing, as opposed to past, allegedly unlawful conduct.

Counts II and III therefore fail to meet the narrow exception created by *Ex Parte Young*. *See Nicholl v. A.G., supra* at *5 ("[t]hat Plaintiff's grade remains a 'B' does not transform a one-time past event into a continuing violation").

In short, Counts II and III are barred by Eleventh Amendment sovereign immunity and should be dismissed with prejudice. *Pinkston v. Univ. of S. Fla. Bd. of Trustees*, 2016 U.S. Dist. LEXIS 75359 (M.D. Fla. June 9, 2016); *DeBose v. Univ. of South Fla.*, 178 F.Supp. 3d 1258, 1267 (M.D. Fla. 2016).

**2. <u>USFBOT is not a "person" subject to suit under Section 1983.</u>**

The University of South Florida Board of Trustees ("USFBOT") is an agency or a subdivision of the State of Florida. *Tang v. Univ. of S. Fla.*, 2005 U.S. Dist. LEXIS 38920, at *3 (M.D. Fla. Sept. 23, 2005). Therefore, it is not a "person" subject to suit under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71), 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989) ("neither a state nor its officials acting in their official capacities are 'persons' under Section 1983"). *Edwards v. Wallace Community*

*College*, 49 F.3d 1517, 1524 (11th Cir. 1995). For that reason as well[2], to the extent that Counts II and III are brought against the individual defendants in their official capacities, they should be dismissed.

**3. <u>Counts II and III fail to allege a policy or custom.</u>**

A plaintiff may not rely upon *respondeat superior* to hold a government entity liable for violations of Section 1983. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

"It is only when the execution of the government's policy or custom infl[i]cts the injury that the municipality may be held liable." *McDowell,* 392 F.3d at 1289. Therefore, a government entity does not incur Section 1983 liability solely for injuries caused by its employees, and the mere fact that a municipal employee caused an injury does not imply municipal culpability and causation. *Id.*

This policy or custom requirement is applicable irrespective of whether the remedy sought is money damages or prospective relief such as an injunction or a

[2] In *Will*, the Supreme Court's analysis of Section 1983 was separate from an Eleventh Amendment analysis. *Will,* 491 U.S. at 66 ("the scope of the Eleventh Amendment and the scope of Section 1983 are separate issues). In fact, in *Will*, the Supreme Court decided that a state was not a "person" under Section 1983 in a context where the Eleventh Amendment did not apply. *Id* at 63-64.

declaratory judgment. *Los Angeles County, Cal. v. Humphries,* 562 U.S. 29, 131 S.Ct. 447, 178 L. Ed. 2d 460 (2010); *Wheeler v. Crews,* 2015 WL 7731396, at *4 (N.D. Fla. Oct. 26, 2015).

Government entity liability may arise "provided that the decisionmaker 'possesses final authority to establish municipal policy with respect to the action ordered.'" *Quinn v. Monroe Cnty,* 330 F.3d 1320, 1325 (11th Cir. 2003) (citation omitted). "[O]nly those . . . officers who have final policymaking authority may by their actions subject the government to § 1983 liability." *Matthews v. Columbia Cnty,* 294 F.3d 1294, 1297 (11th Cir. 2002) (citation omitted).

A governmental employee is considered a "final policymaker" for official liability purposes "only if his decisions have legal effect without further action by the governing body, and if the governing body lacks the power to reverse the . . . employee's decision." *Holloman ex rel. Holloman v. Harland,* 370 F.3d 1252, 1292 (11th Cir. 2004) (citation omitted); *Maschmeier v. Scott,* 269 Fed. Appx. 941, 943 (11th Cir. 2008) ("[a] municipal official is not a final policymaker" however, "when his or her decisions are subject to meaningful administrative review"); *Scala v. City of Winter Park,* 116 F.3d 1396, 1399 (11th Cir. 1997) ("[t]he Eleventh Circuit has interpreted *Monell's* policy or custom requirement to preclude § 1983 municipal

liability for a subordinate official's decisions when the final policymaker delegates decision-making discretion to a subordinate, but retains the power to review the exercise of that discretion") (internal citation omitted). "The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on the exercise of that discretion." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed. 2d 452 (1986).

The Amended Complaint alleges that each of the individual defendants was "a final decision-maker." [Amended Complaint, §§ 20-22]. However, in *Quinn*, 330 F.3d 1320, the Eleventh Circuit stated that there is a distinction between a final "policymaker" and a final "decisionmaker" for purposes of assessing liability under 42 U.S.C. § 1983:

> The "final policymaker" inquiry addresses who takes action that may cause the municipality to be held liable for a custom or policy. The "decisionmaker" inquiry addresses who has the power to make official decisions and, thus, be held individually liable.

*Id.* at 1326.

Counts II and III of the Amended Complaint contain only formulaic and conclusory assertions regarding policy or custom. Therefore, they should be dismissed. *See Grider v. Cook,* 522 Fed. Appx. 544, 547-48 (11th Cir. 2013) (affirming

dismissal of Section 1983 claim because plaintiff did not provide any specific facts about a policy or custom but only provided a formulaic policy or custom claim); *Greene v. Dixon,* 2022 U.S. Dist. LEXIS 171905, at *8 (M.D. Fla. Sept. 21, 2022) ("conclusory allegations of a policy or custom will not suffice").

## G. <u>Count IV Fails To State A Claim</u>

Because the Florida Educational Equity Act is patterned after Title IX, Title IX case law applies to it. *Hawkins v. Sarasota County School Board,* 322 F.3d 1279, 1286 (11th Cir. 2003). There is no individual liability under Title IX. *Hartley by Hartley v. Parnell,* 193 F.3d 1263, 1270 (11th 1999); *Pinkston v. Univ. of S. Fla. Bd. of Trs., supra* at *12. For that reason as well, Count IV, as asserted against the individual defendants, should be dismissed.

Moreover, Paragraph No. 248 of the Amended Complaint alleges: "The acts described above constitute discrimination on the basis of race, color and national origin (Palestinian directly and by association), and/or religion (both Muslim and Jewish)."

This is a mere legal conclusion not entitled to the assumption of truth. *Iqbal,* 556 U.S. at 678. The Amended Complaint is otherwise devoid of allegations that the plaintiffs were discriminated against based on their protected characteristics,

as opposed to their political viewpoints or expression. Therefore, Count IV fails to state a claim and should be dismissed. *Dailey v. BP Expl. & Prod., Inc.,* 2025 U.S. App. LEXIS 28901 (11th Cir. Nov. 3, 2015); *Kennedy v. Secretary,* 2025 U.S. App. LEXIS 11648 (11th Cir. May 14, 2025); *Ramirez v. Wal-Mart,* 2024 U.S. App. LEXIS 29918 (11th Cir. Nov. 25, 2024).

## H. Count VI Fails To State A Claim

Count VI attempts to assert a claim for the third type of invasion of privacy recognized under Florida: public disclosure of private facts. *Allstate Ins. Co. v. Ginsberg,* 863 So. 2d 156, 162 (Fla. 2003). "Generally, the right of privacy is violated by publication of private material or matters, of which there is no legitimate concern of the public…." *Lewis v. Snap-On Tools Corp.,* 708 F.Supp. 1260, 1261 (M.D. Fla. 1989); *see also Cape Publications, Inc. v. Hitchner,* 549 So. 2d 1374, 1377 (Fla. 1989) ("the elements can be summarized as 1) the publication, 2) of private facts, 3) that are offensive, and 4) are not a public concern").

In this case, the Amended Complaint fails to allege what "embarrassing private facts" were disclosed or why those facts were of no legitimate concern to the public. *See Cape Publications, Inc. v. Hitchner, supra* at 1377 (invasion of privacy by publicity involves the public disclosure of embarrassing private facts). Instead,

it rests solely upon vague and conclusory assertions. Therefore, it fails to state a claim and should be dismissed. *Ashcroft v. Iqbal, supra.*

**I. <u>Count VII Fails To State A Claim For Conspiracy</u>**

Count VII attempts to plead a claim for common law conspiracy. "[T]he linchpin for conspiracy is agreement, which presupposes communication." *Bailey v. Bd. of Com'ty Comm'rs of Alachua County,* 956 F.2d 1112, 1122 (11th Cir. 1992). "It is not enough to simply aver in the complaint that a conspiracy existed." *Allen v. Sec'y Fla. Dept. of Corr.*, 578 Fed. Appx. 836, 840 (11th Cir. 2014) (*quoting Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984)).

The Amended Complaint contains only formulaic recitations of a conspiracy. [*See* Amended Complaint, ¶¶ 30, 57, 170, 231, 232, 234, 235, 250]. These formulaic recitations are insufficient to state a claim. *Ashcroft v. Iqbal, supra. See also C.H. by Hilligoss v. School Board of Okaloosa County, Florida,* 2019 U.S. Dist. LEXIS 169142, at *63 (N.D. Fla. Sept. 30, 2019) ("[c]onclusory allegations of an agreement, without any factual basis to make the allegation plausible, are insufficient to state a conspiracy claim"); *GE Real Est. Servs., Inc. v. Mandich Real Est. Advisors, Inc.*, 337 So. 3d 416, 420 (Fla. 3d DCA 2021) ('[g]eneral allegations of conspiracy are inadequate"). Because the allegations in the Amended Complaint

are no more than a "bare assertion of conspiracy," Count VII should be dismissed. *Twombly*, 550 U.S. 544, 556 (2007); *See also Sherman v. Scott*, 2025 U.S. Dist. LEXIS 58877, at *9 (M.D. Fla. Mar. 28, 2025).

### J. Counts VI, VII And XVIII Against The Individual Defendants Are Barred By Section 768.28, *Florida Statutes*

Under Florida law, a governmental employee cannot be held liable for acts committed within the scope of her employment unless she "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." Section 768.28(9)(a), *Florida Statutes.*

Paragraph No. 232 of the Amended Complaint alleges, in conclusory fashion, that "[t]he acts of individual defendants which are determined to have been outside the course and scope of their employment in furtherance of this conspiracy are exempt from the intercorporate conspiracy doctrine and render defendants USF PD, Graham, Law, and McDonald individually and jointly liable for their part in the conspiracy." This "course and scope" allegation is not repeated in plaintiffs' other tort claims. More importantly, it is not supported by any well-pleaded facts. Nor are there any well-pleaded facts in the Amended Complaint demonstrating that the individual defendants acted with the requisite intent under Section 768.28(9)(a), *Florida Statutes.*

Therefore, Counts VI, VII and XVIII should be dismissed as to the individual defendants. *O'Boyle v. Thrasher,* 638 Fed. Appx. 873, 878 (11th Cir. 2016) (since the plaintiff pled nothing more than the bare elements of malice, bad faith and wanton and willful disregard, the state law claims did not sufficiently overcome Section 768.28(9)(a) immunity); *Gurrera v. Palm Beach County Sheriff's Office,* 657 Fed. Appx. 886, 892 (11th Cir. 2016).

**K. <u>The Impact Rule Bars Count VIII</u>**

Florida's impact rule precludes negligence-based claims seeking mental or emotional damages resulting from negligence. *Willis v. Gami Golden Glades, LLC,* 967 So. 2d 846, 850 (Fla. 2007). Under the impact rule, recovery under a negligence theory for emotional distress is unavailable unless a plaintiff can show that the emotional distress flowed from a physical impact or injury. *R.H. v. Humana of Florida, Inc.*, 652 So. 2d 360, 362 (Fla. 1995).

The Amended Complaint fails to allege any physical impact or injury. Therefore, Count VIII fails to state cause of action and should be dismissed. *See E.O. v. School Bd. of Hillsborough Cty.*, 2024 U.S. Dist. LEXIS 188794, at *10 (M.D. Fla. Oct. 17, 2024) ("[t]he impact rule applies to the torts of negligent hiring, negligent retention, and negligent supervision").

**L. Plaintiffs' Prayers For Punitive Damages Against USFBOT Should Be Stricken**

The Amended Complaint seeks punitive damages against USFBOT in Counts V, VI and VII. However, plaintiffs cannot recover punitive damages on their claims against USF because USFBOT is a governmental agency that is exempt from such damages. *See* Section 768.28(5), *Florida Statutes* (the state and its agencies cannot be held liable for punitive damages). Moreover, while Section 1004.97(4), *Florida Statutes* creates a cause of action, the statute does not authorize the recovery of punitive damages. Accordingly, those prayers for punitive damages should be stricken from Counts V, VI and VII of the Amended Complaint.

## IV.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed for failure to state claims upon which relief can be granted or, in the alternative, defendants respectfully request that the Court enter an Order requiring plaintiffs to file a more definite statement. Defendants further respectfully request that the Court strike plaintiffs' prayers for punitive damages against USF in Counts V, VI, and VII of the Amended Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

On December 12, 2025, counsel for USFBOT sent an email correspondence to plaintiffs' counsel outlining the issues addressed above and USF's intent to file the instant motion. Plaintiffs oppose the relief sought herein.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Walker Smith IV
LEGALSMITHS CONSULTING GROUP, P.A.
283 Cranes Roost Boulevard, Suite 111

Altamonte Springs, FL 32701
Walker@LegalSmithsConsulting.com
LegalSmithsConsulting@Gmail.com

Colin Poirot, Esquire
(Pro Hac Vice Pending)
2603 Oak Lawn Avenue, Suite 300
Dallas, TX 75219
Cpoirot.law@gmail.com

And by Regular U.S. Mail to:

Andrew B. Stoll
300 Cadman Plaza West
12th Floor
Brooklyn, NY 11201

/s/ Richard C. McCrea, Jr.
Attorney