UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY STUDENTS FOR A
DEMOCRATIC SOCIETY,
VICTORIA HINCKLEY, SABA
INDAWALA, and VICKY TONG,

    Plaintiffs,

v.                                                    CASE NO. 8:25-CV-02752-SDM-AAS

UNIVERSITY OF SOUTH FLORIDA,
RHEA LAW, MELISSA GRAHAM,
and DANIELLE MCDONALD,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendants University of South Florida ("USF"), Rhea Law ("Law"), Melissa Graham ("Graham"), and Danielle McDonald ("McDonald") hereby respond to Plaintiffs' motion for preliminary injunction. As set forth below, the motion for preliminary injunction should be denied because plaintiffs have not carried their high burden to establish their right to this extraordinary and drastic remedy."

II.

**MEMORANDUM OF LAW**

A.   **Legal Standard**

"Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (*quoting Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

A preliminary injunction "is to preserve the *status quo* until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen*, 957 F.3d 1171, 1178 (11th Cir. 2020) (quotation omitted).

Mandatory injunctions – which compel affirmative action – are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Antoine on behalf of I.A. v. Sch. Bd. of Collier Cnty.*, 301 F. Supp. 3d 1195, 1204 (M.D. Fla. 2018) (*quoting Powers v. Sec'y, Florida Dep't of Corr.*, 691 Fed. Appx. 581, 583 (11th Cir. 2017)); *Verizon Wireless Pers. Commc'ns v. City of Jacksonville*, 670 F.Supp. 2d 1330, 1346 (M.D. Fla. 2009). Plaintiffs' motion is

therefore subject to an even heightened burden because the injunctive relief sought by plaintiffs is "mandatory," not "prohibitory." *Id.*[1]

To carry their burden, plaintiffs must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A failure to satisfy any one factor is fatal. *ACLU of Fla., Inc. v. Miami-Dade Cnty. School Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009); *see also Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

**B.     Plaintiffs Have Failed To Show A Likelihood Of Success On The Merits**

To satisfy the likelihood of success prong, plaintiffs "must convince the Court, not that [plaintiffs] *might* succeed, or could *possibly* succeed; rather, [plaintiffs] must *clearly* convince the Court that they are *substantially* likely to

---

[1] Plaintiffs seeks a preliminary injunction "ordering defendants to return TBSDS to good standing as a registered student organization, expunge plaintiffs' disciplinary records, reverse the expulsion of plaintiff Hinckley and reenroll her, and vacate the suspension of plaintiff Tong." Such an injunction would constitute "mandatory relief." *See Sch. Bd. of Collier Cnty.*, 301 F. Supp. 3d at 1202-03 (injunction directing School Board to enroll students in public high school, afford them testing, and provide services to compensate for denied educational opportunities was mandatory relief). Even plaintiffs' requested relief framed as "enjoining defendants from maintaining the expulsion of TBSDS and from enforcing the unlawful policies identified [in the Motion]" is mandatory relief designed to change the *status quo*.

succeed." *Gulf Coast Commercial Corp. v. Gordon River Hotel Associates*, 2006 U.S. Dist. LEXIS 30492 at *26 (M.D. Fla. May 18, 2006) (emphasis in original). [2]

Plaintiffs have failed to demonstrate a likelihood of success on the merits because they rely upon the unverified allegations in their Amended Complaint. For that reason alone, the motion for preliminary injunction should be denied. *See Church of Scientology Flag Ser. Org., Inc. v. City of Clearwater*, 777 F.2d 598, 608 (11th Cir. 1985) ("[t]he Church of Scientology would have us hold that it was entitled to preliminary injunctive relief as a matter of law solely on the basis of its naked allegations. This of course we cannot do."); *see also Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, 2018 WL 1833160, at *3 (M.D. Fla. Jan. 30, 2018); *Palmer v. Brown,* 155 F.Supp. 2d 1327, 1337 (M.D. Fla. 2001) ("[t]o carry its burden, a plaintiff seeking a preliminary injunction must offer proof beyond unverified allegations in the pleadings"). [3]

---

[2] "Rule 65(b) does not place upon [the non-moving party] the burden of coming forward and presenting its case against a preliminary injunction." *Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 442-43, 94 S.Ct. 1113, 39 L.Ed. 2d 435 (1974).

[3] In a footnote, plaintiffs request an evidentiary hearing. Plaintiffs' request fails to comply with Local Rule 3.01(i) and, for that reason, should be denied. *See Lira v. Essentia Ins. Co.*, 861 Fed. Appx. 374, 378 (11th Cir. 2021). More importantly, an evidentiary hearing is only required where there are disputed issues of fact and plaintiffs' unverified allegations cannot create issues of fact. *See, e.g. Certain Underwriters at Lloyds of London v. Black Gold Marine, Ltd.*, 2022 U.S. Dist. LEXIS 151221, at *10 (S.D. Fla. Aug. 23, 2022) (unverified allegations in pleading were insufficient to create a dispute of material fact because unverified allegations are not actual evidence).

1. **Free speech claims (First Amendment and CAFE ACT).**

As demonstrated by Defendants' Motion to Dismiss, for a More Definite Statement, and to Strike, plaintiffs cannot establish a likelihood of success because their allegations fail to state a claim. *See Kern v. Weiss*, 2025 U.S. Dist. LEXIS 220006, at *3 (N.D. Fla. Oct. 6, 2025) ("because Plaintiff's amended complaint has been found insufficient to state a claim, Plaintiff does not have a substantial likelihood of success on the merits").

In the first place, they have sued the University of South Florida, which is not a proper party. Moreover, plaintiffs' First Amendment claim in Count II of the Amended Complaint is barred by Eleventh Amendment sovereign immunity, as well as the fact that state entities and individuals sued in their official capacities are not "persons" under Section 1983. In addition, the *Ex Parte Young* doctrine does not apply because the plaintiffs are seeking to adjudicate the legality of past conduct.

Moreover, the plaintiffs have made no showing that any of the individual defendants, sued in their individual capacities in Count I of the Amended Complaint, have the authority directly redress any alleged restrictions on expressive activities. *See, e.g. Rand v. Sanders*, 2021 U.S. Dist. LEXIS 50588, at *4

(M.D. Ala. Mar. 16, 2021) ('[n]or is it apparent that a federal officer in his official capacity has the authority to grant injunctive relief as a lay individual").

In addition, the plaintiffs have failed to demonstrate a causal connection --- through admissible evidence --- between the expulsion of plaintiffs Tampa Bay Student for Democratic Society and Victoria Hinckley[4] and the USF policies that they seek to challenge regarding tabling, posting flyers in unauthorized locations, engaging in activities past 5:00 p.m. or, following expulsion, associating under a new name but with similar members and purpose. Instead, as demonstrated by the Declaration of Melissa Graham, these plaintiffs were disciplined based on disruptive behavior during April 2024, and their failure to follow directives of university officials and law enforcement.

The Supreme Court "has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507 (1969). Public schools are permitted to engage in "reasonable regulation of speech-connected activities" under circumstances "which might reasonably [lead] school

---

[4] Plaintiffs' motion also seeks to have plaintiff Tong's suspension vacated. However, that relief was not requested in the *ad damnum* clause of plaintiffs' Amended Complaint.

authorities to forecast substantial disruption of or material interference with school activities." *Id*. at 513-14. Universities have "a legitimate interest in preventing disruption on the campus." *Healy v. James*, 408 U.S. 169, 184 (1972). Conduct which "'materially disrupts classwork or involves substantial disorder or invasion of the rights of others'" is not constitutionally protected. *Doe v. Valencia Coll.*, 903 F.3d 1220, 1229-30 (11th Cir. 2018) (*quoting Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. at 573).[5]

As the Supreme Court noted in *Widmar*, "[a] university differs in significant respects from public forums … A university's mission is education, and decisions of this Court have never denied a university's authority to impose reasonable regulations compatible with that mission upon the use of its campus and facilities." *Widmar v. Vincent*, 454 U.S. 263, 267 n. 5 (1981). Here, Student Conduct and Ethical Development suspended TBSDS and Hinckley in April 2024 after they engaged in disruptive behavior by marching and chanting in the Marshall Student Center ("MSC") during the week leading to final examinations. *See* Declaration of Melissa Graham, hereinafter "Dec.", at ¶¶ B10-12. The MSC is an academic space

---

[5] Similarly, the CAFE Act expressly recognizes that expressive activities that disrupt the functioning of a university are not protected. *See* Section 1004.097(3) and (e), *Florida Statutes.*

and there were several complaints about the disruption, which occurred near final exams. [Dec. at ¶¶ B10, B12].

TBSDS and Hinckley then disregarded the terms of the suspension and publicized an event on April 29 and April 30, 2024. [Dec. at ¶¶ B16, B17, B19-21]. During this event, TBSDS members disobeyed instructions from university officials and law enforcement. [Dec. at ¶¶ B22-28]. Witnesses reported that orange vests, umbrellas, and wooden shields were distributed, and participants were instructed on how to use these items against police. [Dec. at ¶ B25]. As a result, law enforcement was required to deploy tear gas and arrest several individuals. [Dec. at ¶ B25]. A gun and a club were found on two attendees. *Id*.

TBSDS was expelled for violations of the USF Student Code of Conduct, including Aiding and Abetting, Disruptive Conduct, Failure to Comply, policy violations, and Weapons offenses. [Dec. at ¶ B29]. This is far from the case of *Tinker*, where the record did "not demonstrate any facts which might reasonably have led school authorities to forecast substantial disruption of or material interference with school activities, and no disturbances or disorders on the school premises in fact occurred." *Tinker*, 393 U.S. at 514.

The actions taken against plaintiffs were reasonable to further the University's mission and interest in "ensuring safety and order on campus." *See Bloedorn v. Grube*, 631 F.3d 1218, 1238 (11th Cir. 2011). This was not punishment for pure speech, and was based on the University's reasonable conclusion that TBSDS' conduct created disruption and interference with the rights of others. *Tinker*, 393 U.S. at 514; *Doe*, 903 F.3d at 1230.

Plaintiffs have also failed to establish that USF's actions or regulations were not content or viewpoint neutral. "The government engages in content-based discrimination when it limits speech on a general topic." *Gilio ex rel. J.G. v. Sch. Bd. of Hillsborough Cnty., Fla.*, 905 F. Supp. 2d 1262, 1273 (M.D. Fla. 2012). "Viewpoint discrimination is a type of content-based regulation that targets a particular stance taken by speakers on a general topic." *Id*.

Plaintiffs do not present any evidence to support their unverified and conclusory allegations that there was a "blanket ban" on "any organization with a 'similar purpose'…" In fact, at least one student organization, Students for Justice in Palestine, shared a common viewpoint with TBSDS at the time of the events complained of by TBSDS. [Dec. at ¶ F4]. This organization was not placed on an interim suspension, suspended, or expelled by Student Conduct and Ethical

9

Development. *Id.* There is also no evidence that TBSDS or its members were barred from joining this similar organization, or otherwise engaging in similar speech. The policies challenged by plaintiffs are reasonable time, place, and manner restrictions that apply to all student organizations.

2. **Due process claims.**

Plaintiffs also cannot show that they are substantially likely to succeed on their due process claims. As discussed at greater length in Defendants' Motion to Dismiss, for a More Definite Statement, and to Strike, plaintiffs have failed to state a procedural due process claim. *Kern v. Weiss*, *supra.* They cannot demonstrate that no adequate state procedures existed to remedy any alleged procedural deficiencies or that the plaintiffs took advantage of those state remedies. In fact, the USF Code of Conduct expressly provides: "A student may seek outside judicial review pursuant to Florida Rule of Appellate Procedure 9.190(b)(3) of a final University decision." Furthermore, plaintiffs' procedural due process claims are barred by Eleventh Amendment sovereign immunity. Finally, the *Ex Parte Young* doctrine is not applicable here because the plaintiffs have alleged a past alleged violation and cannot demonstrate that they face ongoing alleged procedural due process violations.

The record evidence establishes, and plaintiffs do not dispute, that they were given notice and a hearing prior to any actions taken against them, which is the essence of procedural due process.

In short, the plaintiffs have failed to carry their burden of persuasion as to likelihood of success on the merits.

## C. <u>Irreparable Injury</u>

Irreparable harm is the "*sine qua non* of injunctive relief." *Siegel*, 234 F.3d at 1176. Preliminary injunctive relief is improper in the absence of irreparable injury – even if plaintiffs establish a likelihood of success on the merits. *Id*.

As discussed above, plaintiffs have failed to present any evidence to support their assertions of irreparable injury.

Moreover, plaintiffs assert that they satisfy their burden of establishing irreparable injury simply because their injuries "'flo[w] from' violations of the first amendment." [Doc. 18 at 21]. This is incorrect. A violation of constitutional rights, including the First Amendment, does not create a presumption of irreparable injury. *Siegel*, 234 F.3d at 1177 (rejecting the notion that a violation of constitutional rights always constitutes irreparable harm"); *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010) ("[t]he fact that [appellants are] asserting First Amendment

11

rights does not automatically require a finding of irreparable injury") (citation omitted) (alteration in original).

In First Amendment cases, irreparable harm is presumed only if there is "an imminent likelihood that pure speech will be chilled or prevented altogether." 234 F.3d at 1178. Plaintiffs have failed to present any evidence of an "on-going violation" where "pure speech will be chilled or prevented altogether." *Siegel*, 234 F.3d at 1178.

Plaintiffs' argument that the "similar members and purpose" language of Policy 6.017 constituted a "blanket ban" on their rights to free speech. Plaintiffs rely on an email from McDonald stating that their attempt to create a new organization, South Florida Students for a Democratic Society, violated this policy. [Doc. 18 at Ex. 7]. Yet, according to plaintiffs' email, this was an *identical* organization to TBSDS in all but name. *Id*. Plaintiffs also stated their intent to "associate with national Students for a Democratic Society" of which TBSDS was already a chapter. *Id*.; [Doc. 17 at ¶ 14]. Plaintiffs have not presented any evidence of USF restricting the members of TBSDS from joining other organizations espousing similar views at the time of the events complaints of, such as Students for Justice in Palestine. [Dec. at ¶ F4].

Nor is there any evidence to support plaintiffs' conclusory statements of harm. *See Siegel v. LePore*, 234 F.3d at 1176-77 ("the asserted irreparable injury must be neither remote nor speculative, but actual and imminent") (quotations omitted).

More importantly, "a delay in bringing suit may defeat a presumption of irreparable harm." *Great Am. Ins. Co. v. Fountain Eng'g, Inc*, 2015 U.S. Dist. LEXIS 144289, at *13 (S.D. Fla. Oct. 22, 2015). This is because "[t]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore, supra*. A plaintiff's delay in seeking injunctive relief "necessarily undermines" their claim of irreparable harm. *See Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. 2016).

Most of plaintiffs' allegations concern events that took place in 2024 --- including Hinckley's expulsion on June 7, 2024 and TBSDS's expulsion on July 23, 2024. [Amended Compl. ¶¶ 117; 120]. The latest action taken against any plaintiff was Tong's suspension on April 8, 2025, yet, Tong graduated from USF in December 2024 and her trespass warning expired on December 12, 2025. [Amended Complaint, ¶ 157; Dec. at ¶ B4]. Plaintiffs' delay in seeking injunctive relief contradicts their argument that their continued expulsion and suspension from USF are irreparable injuries. *See Wreal*, 840 F.3d at 1248-49 (affirming district

13

court's denial of preliminary injunction based on five-month delay in seeking relief); *Preston v. Bd. of Trustees of Chicago State Univ.*, 120 F. Supp. 3d 801, 805 (N.D. Ill. 2015) (no irreparable harm where student failed to move for preliminary injunction until seventeen months after he was expelled).

Plaintiffs fail to address this delay and ask the Court to presume irreparable injury based on their unsupported allegations of First Amendment violations, as well as remote and speculative injuries. Hinckley's alleged harm, including her inability to "take exams and receive credit for courses; delays…lost opportunities, interviews, and wages" does not meet plaintiffs' burden. *See Faculty Senate of Florida Intern. Univ. v. Winn*, 477 F. Supp. 2d 1198, 1208 (S.D. Fla. 2007) ("it is unlikely that delay in completing research or obtaining a degree is irreparable harm"). Hinckley has presented no evidence regarding these injuries or whether she is unable to seek alternative forms of education. *C.B. v. Bd. of Sch. Com'rs of Mobile Co., AL*, 261 Fed. Appx. 192, 194 (11th Cir. 2008) ("evidence in the record indicates that the School Board has not denied educational services to C.B. altogether, but has denied authorization for him to receive those services at the school of his choice").

Moreover, the fact that the plaintiffs never sought state court judicial review of any sanctions imposed against them --- an option expressly pointed out by the USF Code of Conduct --- also militates against a finding of irreparable injury.

Plaintiffs' claims against USF seek nothing more than to remedy past harms which is "completely at odds" with the purpose of a preliminary injunction. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133-34 (11th Cir. 2005) (preliminary injunctions are designed not to address past harms but to forestall future violations preserve the positions of the parties until a trial on the merits); *Pham v. Univ. of Louisiana at Monroe*, 194 F. Supp. 3d 534, 548 (W.D. La. 2016), *aff'd sub nom. Dung Quoc Pham v. Blaylock*, 712 Fed. Appx. 360 (5th Cir. 2017) ("In this case, ULM had already expelled Pham at the time he brought this suit. Therefore, there is no threat of irreparable injury or reason to preserve the *status quo* because the status quo is not what is desired").

Accordingly, the Court should deny plaintiffs' motion for preliminary injunction because they have failed to carry their burden of persuasion as to irreparable harm.

**D.     Balance Of Harms And Public Interest**

"Where the government is the party opposing the preliminary injunction, its interest and harm—the third and fourth elements—merge with the public interest." *State of Florida v. Dep't of Health & Human Services*, 19 F.4th 1271, 1293 (11th Cir. 2021).

Plaintiffs do not provide any evidentiary support for their argument that defendants have no interest and that the balance of harms favors a preliminary injunction. Plaintiffs' conclusory statements without more cannot carry their burden of persuasion that the balance of harms weighs in favor of plaintiffs.

Courts have recognized that a university has "a significant interest in ensuring safety and order on campus, especially where the Free Speech Area is sited at a highly trafficked area of the campus.... " *Bloedorn*, 631 F.3d at 1238; *see also Healy v. James*, 408 U.S. 169, 184, 92 S.Ct. 2338, 33 L.Ed. 2d 266 (1972). ("a college has a legitimate interest in preventing disruption on the campus…"). Plaintiffs were suspended for disruptive conduct in an academic space at a time when other students were studying for finals. [Dec. at ¶¶ B10 and B12]. TBSDS was then expelled after disregarding the suspension requirements and organizing an event that resulted in the use of tear gas and arrests after members disobeyed orders from law enforcement. [Dec. at ¶¶ B21-30]. The resulting disciplinary

16

actions taken against plaintiffs were in furtherance of the University's legitimate interests. Therefore, plaintiffs have failed to carry their burden of persuasion regarding the public interest.

## III.

## CONCLUSION

Plaintiffs fall well short of meeting their burden of persuasion that they are entitled to the extraordinary and drastic remedy of a preliminary injunction to preserve the *status quo*. While failure to prove any one factor of the analysis is fatal, plaintiffs failed to establish any of the four factors. Accordingly, plaintiffs' motion for preliminary injunction should be denied.

    Respectfully submitted,

    /s/ Richard C. McCrea, Jr.
    Richard C. McCrea, Jr.
    Florida Bar No. 351539
    Email:  mccrear@gtlaw.com
    Cayla M. Page
    Florida Bar No. 1003487
    Email: pagec@gtlaw.com
    GREENBERG TRAURIG, P.A.
    101 E. Kennedy Boulevard
    Suite 1900
    Tampa, FL  33602
    (813) 318-5700 – Telephone
    (813) 318-5900 – Facsimile
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Walker Smith IV
LEGALSMITHS CONSULTING GROUP, P.A.
283 Cranes Roost Boulevard, Suite 111
Altamonte Springs, FL  32701
Walker@LegalSmithsConsulting.com
LegalSmithsConsulting@gmail.com

Colin Poirot, Esquire
(Pro Hac Vice Pending)
2603 Oak Lawn Avenue, Suite 300
Dallas, TX  75219
Cpoirot.law@gmail.com

And by Regular U.S. Mail to:

Andrew B. Stoll
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201

/s/ Richard C. McCrea, Jr.
Attorney