UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY STUDENTS FOR A
DEMOCRATIC SOCIETY,
VICTORIA HINCKLEY, SABA
INDAWALA, VICKY TONG,
and YUNQING ZHENG,

      Plaintiffs,

v.                               CASE NO. 8:25-CV-02752-SDM-AAS

RHEA LAW, MELISSA GRAHAM,
and DANIELLE MCDONALD,

      Defendants.

                                /

## DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEY FEES AND COSTS

Defendants University of South Florida Board of Trustees, Rhea Law, Melissa Graham, and Danielle McDonald ("Defendants"), are the prevailing parties in the case and moves this Court for an order that it is entitled to its attorney fees and costs against Plaintiffs, Tampa Bay Students for a Democratic Society, Victoria Hinckley, Saba Indawala, Vicky Tong, and Yunqing Zheng, and awarding Defendants their attorney fees and costs. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

ACTIVE 723973587v1

## SUPPORTING MEMORANDUM OF LAW

## I.

## SUMMARY OF LITIGATION

1.      This civil rights action was commenced on October 8, 2025, when Plaintiffs Tampa Bay Students for a Democratic Society ("TBSDS"), Victoria Hinckley, Saba Indawala, and Vicky Tong filed their original Complaint [Doc. 1] against the University of South Florida ("USFBOT"), USF President Rhea Law, Dean of Students Danielle McDonald, and Director of Student Conduct Melissa Graham. The original Complaint asserted nineteen counts arising out of USF's disciplinary actions against TBSDS and its members in connection with pro-Palestinian advocacy and DEI-related activism on campus, including First Amendment and due process violations under 42 U.S.C. § 1983, civil conspiracy, Title VI discrimination, violations of the Florida Educational Equity Act and Campus Free Expression Act, and various Florida common law torts.

2.      On December 1, 2025, Plaintiffs filed their Amended Complaint [Doc. 17] and simultaneously moved for a preliminary injunction [Doc. 18], seeking reinstatement of TBSDS and Hinckley, expungement of disciplinary records, and injunctions against the enforcement of various USF policies. Defendants opposed

2

ACTIVE 723973587v1

the preliminary injunction on December 15, 2025 [Doc. 21] and moved to dismiss the Amended Complaint on December 15, 2025. [Doc. 20].

3.     On January 9, 2026, the Court issued an Order [Doc. 29] denying the motion for a preliminary injunction and granting the motion to dismiss without prejudice, with leave to amend by January 30, 2026. The Court found that USF lacked the capacity to be sued and was dismissed from the action. The Court further found that Plaintiffs failed to state any claim against President Law for lack of sufficient individual allegations, that each of the five challenged USF policies constituted a valid content-neutral time, place, and manner restriction, that USF had provided constitutionally adequate process, and that the conspiracy claim failed for lack of any alleged agreement among defendants. The preliminary injunction was also denied based on Plaintiffs' approximately fifteen-month delay in seeking relief, which was inconsistent with a claim of irreparable harm.

4.     On January 30, 2026, Plaintiffs filed their Second Amended Complaint [Doc. 30], adding Yunqing Zheng as a new plaintiff and narrowing their claims to three counts under 42 U.S.C. § 1983: First Amendment claims against Defendants in their personal and official capacities, and a civil conspiracy claim. The Second Amended Complaint continued to allege viewpoint-discriminatory enforcement

3

ACTIVE 723973587v1

of USF policies and a conspiracy among Defendants and the Tampa Jewish Community Centers and Federation to suppress pro-Palestinian speech on campus. Defendants filed their Corrected Motion to Dismiss on February 23, 2026 [Doc. 38], arguing that the Second Amended Complaint failed to cure the deficiencies identified in the Court's prior Order.

5.      On April 10, 2026, the Court issued its Amended Order [Doc. 55] granting the motion to dismiss with prejudice, finding that further amendment would be futile. The Court found that the new allegations against President Law remained insufficient to plead individual unconstitutional action, that Zheng lacked Article III standing as her alleged chill was "not attributed to any citation, warning, trespass order, denial of entry, or any other concrete disciplinary action," that the challenged USF policies remained valid time, place, and manner restrictions predating the events at issue by many years, and that the conspiracy claim still failed for lack of any specific alleged agreement among defendants. The Court specifically characterized Plaintiffs' theory that financial contributions from Jewish community organizations to USF created an inference of a conspiracy to suppress pro-Palestinian speech as ""paranoid, anti-Semitic, delusional, or merely

4

fantastical...illusory (and likely malignant) and warrant[ing] no consideration in a court of the United States."

6.      On May 4, 2026, the Clerk of Court entered final Judgment [Doc. 59)] in favor of Defendants and against all Plaintiffs, and the case was dismissed. Judgment was entered on May 4, 2026, stating "judgment is hereby entered for the Defendants and against the Plaintiffs."  [Doc. 59].

7.      On May 8, 2026, the Plaintiffs filed a Notice of Appeal.  [Doc. 61].  This Motion is submitted to preserve Defendants' right to an entitlement to fees and costs as to this litigation.

## II.

## ARGUMENT

### A.    Bifurcated Procedure under Local Rule 7.01

Local Rule 7.01 provides that "a party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on the amount."  The Motion for Entitlement must specify the judgment and the basis for the entitlement, a fair estimate of the amount sought, and a memorandum of law.  *Id*.  This motion regarding entitlement is timely as it has been filed within fourteen days after entry

5

if final judgment on May 4, 2026. The Defendants reserve the right to file a supplemental motion on the amounts sought pending the Court's determination of entitlement as permitted under the Local Rule.

Local Rule 7.01 does not have a bifurcated process for a party seeking taxable costs. *Teksystems, Inc. v. Andiamo Consulting, LLC*, No. 6:21-cv-1011-WWB-DCI, 2023 U.S. Dist. LEXIS 143442, at *21 (M.D. Fla. Aug. 15, 2023). "The party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs." *Id.* (internal citations omitted).

## B. Defendants' Right To Attorneys' Fees And Costs

Defendants are prevailing parties under § 1988 because Plaintiffs' claims were rejected in their entirety and brought without reasonableness or foundation, and were therefore frivolous. The Court dismissed the original Complaint, the Amended Complaint, and the Second Amended Complaint with prejudice, denied the Motion for Preliminary Injunction, and entered final Judgment in favor of Defendants on May 4, 2026.

Under *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016), a defendant "need not obtain a favorable judgment on the merits in order to be a

6

ACTIVE 723973587v1

'prevailing party'" because a "defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."

A prevailing defendant is entitled to fees under § 1988 where "the plaintiff's action was frivolous, unreasonable or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). To determine frivolity, courts consider whether the case was "so lacking in arguable merit as to be groundless or without foundation," focusing on: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the case was dismissed prior to trial. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). All three factors weigh decisively in Defendants' favor.

First, Plaintiffs failed to establish a *prima facie* case on any claim across three successive complaints. The Court dismissed every count, finding in each instance that Plaintiffs relied on conclusory allegations unsupported by specific facts. On the First Amendment claims, the Court found that no USF policy directly penalized any First Amendment right and that each challenged policy was a facially valid, content-neutral time, place, and manner restriction predating the events at issue by many years. [Doc. 29, p. 46]

7

On the claims against President Law, the Court found that Plaintiffs failed to plead any individual unconstitutional action despite naming her in the overwhelming majority of their claims — a fundamental pleading failure that persisted across all three versions of the complaint. [Doc. 55, p. 18].

On the due process claims, the Court found that USF provided constitutionally adequate process and that Plaintiffs conceded their failure to pursue available state court remedies. On the conspiracy claims, the Court found a complete absence of any factual allegations supporting an agreement among defendants, characterizing the central conspiracy theory as "paranoid, anti-Semitic, delusional, or merely fantastical" and warranting "no consideration in a court of the United States." [Doc. 55, p. 33].

On the common law claims, the Court found that Plaintiffs failed to allege the requisite mental state to overcome Florida sovereign immunity and merely recited bare elements. [Doc. 29, p. 37]. Plaintiffs also failed to name a proper defendant on their Florida Educational Equity Act claim and failed to allege that any individual plaintiff was a member of the protected class at issue. [*Id.* at 29]. Newly added plaintiff Zheng was found to lack Article III standing entirely. [Doc. 55, p. 18].

8

ACTIVE 723973587v1

Second, there is no indication that Plaintiffs engaged in any good faith settlement discussions. The record reflects only two unanswered demand letters sent in July and August 2025, after which Plaintiffs filed suit without further engagement.

Third, the case was dismissed twice on the pleadings. First, without prejudice on January 9, 2026, upon identifying a multitude of facial deficiencies. Second, then with prejudice on April 10, 2026, upon finding that further amendment would be futile without ever proceeding to discovery, summary judgment, or trial. [Docs. 29 and 55].

Additional circumstances further confirm that this action was groundless from the outset. Plaintiffs named USF itself as a defendant despite the well-established rule under Florida law that only a university's board of trustees is a proper party, which is a basic threshold issue that competent pre-filing research would have revealed.

Plaintiffs also sought emergency injunctive relief after a fifteen-month delay, a contradiction the Court found fundamentally inconsistent with any genuine claim of irreparable harm. Plaintiffs essentially conceded to their failure to pursue *certiorari* review in state court, the established remedy for contesting

university disciplinary sanctions, before seeking federal relief.  And the Court noted that Students for Justice in Palestine, a student organization espousing views similar to TBSDS, remained in good standing throughout the relevant period, directly undermining Plaintiffs' core allegation of viewpoint-discriminatory enforcement.  [Doc. 29, p. 2 and Doc. 55, p. 12].

The *Sullivan* factors weigh decisively in favor of a finding that Plaintiffs' case was groundless when filed. Accordingly, Defendants respectfully request that the Court award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988. [1]

## C.    Fair Estimate Of The Amount Being Sought

In defense of this matter, attorney's fees for the Defendants total approximately $132,139.00.  Non-taxable costs of $8,900.55 are also recoverable.[2]

## III.

## CONCLUSION

**WHEREFORE**, Defendants University of South Florida Board of Trustees, Rhea Law, Melissa Graham, and Danielle McDonald, request that the Court determine that it is entitled to an award of attorney fees and costs against Plaintiff,

---

[1] Defendants will provide an affidavit and supporting documents to support the fees and costs listed above upon the entry of an Order determining Defendants' entitlement to fees and costs.

10

ACTIVE 723973587v1

and enter an Order granting entitlement to same, and for all other relief deemed just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for Defendants contacted counsel regarding the relief sought in this Motion. Plaintiffs oppose the relief requested herein.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.

Richard C. McCrea, Jr.
Florida Bar No. 351539
Email:  mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of May, 2026, I electronically filed

the foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to:

Walker Smith IV
LEGALSMITHS CONSULTING GROUP, P.A.
283 Cranes Roost Boulevard, Suite 111
Altamonte Springs, FL  32701
Walker@LegalSmithsConsulting.com
LegalSmithsConsulting@gmail.com

Colin Poirot, Esquire
(Pro Hac Vice Pending)
2603 Oak Lawn Avenue, Suite 300
Dallas, TX  75219
Cpoirot.law@gmail.com

Andrew B. Stoll
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
astoll@stollglickman.com

/s/ Richard C. McCrea, Jr.
Attorney

12